FILED
3:38 pm Oct 04 2023
Clerk U.S. District Court
Northern District of Ohio
Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DE'ANDRE PAUL, | ) | CASE NO. 1:23 CV 1562 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| HARRIET JACKSON, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff De'Andre Paul filed this action against Cuyahoga County Social Worker Harriet Jackson. In the Complaint, Plaintiff alleges that Jackson removed his child from his custody without any evidence of neglect or abuse, and without a court order. He asserts claims under 18 U.S.C. §§ 1001 and 3571 for denial of proper warrants, denial of the right to truth in evidence, falsification of documents, and forced compliance to a contract. He also checked a box on the form Complaint indicating that he is also seeking relief under 42 U.S.C. § 1983. He seeks monetary damages.

Defendant filed a Motion to Dismiss under Federal Civil Procedure Rule 12(b)(6). (Doc. No. 6). Plaintiff opposed the Motion. (Doc. No. 7).

### I. BACKGROUND

Plaintiff's Complaint contains very few facts. He states, "At University Hospital in Cleveland Ms. Jackson removed the child at 2:50 a.m. and ordered a staff and family meeting at 10:00 a.m. on the same day. This was accomplished without a Court order." (Doc. No. 1 at 4).

He then states "Ms. Jackson removed my son from my custody without any evidence of neglect or abuse and held him for 28 days." (Doc. No. 1 at 4).

Defendant alleges that this action arises out of an incident that occurred on March 14, 2022 at University Hospital's Cleveland Medical Center.  Plaintiff's son, who was 11 years-old at the time, was brought to the emergency room by his mother, the non-custodial parent, and his 19-year-old sister for the singular purpose of reporting allegations of physical and verbal abuse by Plaintiff.  (Doc. 3-1 at 1).  The Plaintiff had sole custody of the child pursuant to an Order of the Cuyahoga County Juvenile Court in 2015.  There is no mention in the pleadings or emergency room report of whether the mother was supposed to have contact with the child under that Juvenile Court Order.  The report states only that the child had been visiting with his older sister for the weekend at the sister's home.  The report indicates that the sister, accompanied by the child's mother, brought the child to the emergency room so that they could document allegations of child abuse.  His sister indicated that the child had been opening up to her about abuse he experienced at Plaintiff's home.  When interviewed by emergency room staff, he told them that his father had hit him with his hands, with a curtain rod and with an extension cord.  He states his grandmother also hit him with an extension cord and an uncle hit him with a wheelchair.  He stated that he did not live with his grandmother or his uncle but that he visited with them.  The child's mother and sister also reported that they were concerned that the child was being neglected because he had poor access to food and clothing in the past.  Medical staff examined that child and found no bruising or cuts, and no sign of malnutrition or neglect.  The child stated that he was not in any pain and was not injured in any way.  When asked by hospital staff, he said that he did not feel safe going home.

The hospital staff called Plaintiff as the custodial parent and asked for consent to treat the child.  It is not clear, however, what type of treatment they proposed to administer as the child had a normal exam and did not present an injury or illness.  Plaintiff did not consent to treatment and instructed medical staff not to touch the child until he arrived.  The hospital staff contacted the Department of Children and Family Services.  Defendant arrived and interviewed the child and the child's family members, including the Plaintiff.  The Plaintiff would not agree to the safety plan proposed by the Defendant for the child's discharge.  Neither the Defendant nor the Plaintiff indicate what this proposed safety plan entailed.  Defendant then caused the child to be removed into the emergency custody of the Department of Children and Family Services.

The Department of Children and Family Services conducted a staff meeting later than same morning.  Defendant was not included in that meeting.  The Department of Children and Family Services recommended a safety plan in which the child would reside with an appropriate relative.  Neither party indicates the identity of that relative or his or her relationship to the child.  Plaintiff alleges that his son was removed from his care for 28 days.

Plaintiff filed a lawsuit against Jackson in the Cuyahoga County Court of Common Pleas on April 11, 2022 claiming Defendant improperly removed his child from his care. *See Paul v. Jackson*, No. CV-22-961858 (Cuyahoga Cty Ct. Comm. Pl. Sept. 13, 2022).  Specifically, he argued that Defendant breached her duty when she made false statements in her initial report, failed to hold a probable cause hearing within 72 hours after issuance of the emergency order, failed to actually secure an emergency order, and failed to follow protocol when she did not have an Ohio Juvenile Rule 6 Order at the time she took the child into custody. *Id.*

The state court dismissed the case and granted judgment in favor of Jackson, finding that Jackson was immune from liability under Ohio Revised Code § 2744.03(A)(6)(a). The state court determined that although Plaintiff alleged that Defendant acted outside the scope of her duties, liability could only be destroyed if her actions or omissions were *manifestly* outside the scope of her employment or official duties. They indicated Plaintiff would have to allege and prove that Defendant was motivated by actual malice toward him. Because he did not include allegations suggestion Defendant acted with actual malice, he did not overcome the bar of immunity. *Id.* Plaintiff appealed that decision to the Ohio Eighth District Court of Appeals but later voluntarily dismissed the appeal.

Plaintiff filed this suit on August 8, 2023, alleging again that the Defendant wrongfully removed his child from his care without any physical signs of abuse and neglect and without following the proper procedures or obtaining a court order. He asserts violations of 18 U.S.C. §§ 1001 and 3571. He also checked a box on the form indicating that he was asserting a claim under 42 U.S.C. § 1983. He does not explain any of his claims. He indicates he lost his job within the first ten days of the incident. He seeks damages in the amount of $ 1,200.00 in lost wages and punitive damages in the amount of $760,000.00.

Defendant filed a Motion to Dismiss (Doc. No. 6). She contends that two of the statutes under which Plaintiff seeks relief are criminal statutes, which do not provide a private right of action in a civil case. She further indicates that he failed to state a claim under 42 U.S.C. § 1983, because he failed to assert that he was deprived of a right secured by the United States Constitution or laws of the United States. Defendant also contends that the judgment issued by the state court in *Paul v. Jackson*, No. CV-22-961858 (Cuyahoga Cty Ct. Comm. Pl. Sept. 13,

2022) necessarily decided the issue of the propriety of the removal and therefore this action is barred by *res judicata*. Finally, Defendant asserts that she is entitled to qualified immunity.

Plaintiff opposed the Motion to Dismiss (Doc. No. 7). He continues to argue that Defendant did not follow Ohio Juvenile Rule 6, which governs conditions under which a child may be removed from their custodial parent's home. He states that medical personnel found no signs of physical abuse or neglect, and there was no court order for Defendant to take the child into custody. In addition, he contends that the state court incorrectly decided the issue of immunity and this action should not be barred by *res judicata*.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Court in *Iqbal*, 556 U.S. at 677-78 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

As an initial matter, Plaintiff fails to identify a plausible legal cause of action and none is apparent on the face of the Complaint. He lists both 18 U.S.C. § 3571 and 18 U.S.C. § 1001. Both of these statutes are inapplicable to the facts alleged in the Complaint. First, § 3571 allows a federal court to impose a fine as part of a federal criminal sentence. None of the parties are federal criminal defendants. Similarly, § 1001 makes it a criminal offense to knowingly make false representations of material facts "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States... ." 18 U.S.C. § 1001. None of the allegations suggest that any branch of the United States Government was involved in the activities giving rise to the Complaint. In addition, the cited statutes are criminal statutes. They do not provide a private cause of action in a civil case. *See Nicole Energy Servs., Inc. v. McClatchey*, No. 2:08CV0463, 2010 WL 55718, at *6 (S.D. Ohio Jan.4, 2010) (holding that 18 U.S.C. § 1001 bars a private right of action); *Drake v. Miller*, No. 3:08CV552, 2009 WL 1534673, at *2 (W.D. Ky. May 29, 2009) ("28 U.S.C. §§ 1331, 1343, and 1361 are statutes

which confer jurisdiction and are not independent causes of action."); *DuBose v. Kasich*, No. 2:11–CV–00071, 2013 WL 164506, 2 (S.D. Ohio Jan. 15, 2013).

Plaintiff also fails to state a claim for relief under 42 U.S.C. § 1983. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). While Defendant concedes that she is a state actor for purposes of § 1983, Plaintiff does not identify a constitutional right Defendant violated.

It is possible Plaintiff may be attempting to assert a claim for denial of procedural due process. He states in his opposition to the Motion to Dismiss that the Defendant deprived him of a cognizable liberty interest in his parent/child relationship. Although that claim could be liberally construed as a denial of procedural due process in violation of the Fourteenth Amendment, Plaintiff failed to state a claim for this cause of action.

To state a plausible claim for denial of procedural due process, Plaintiff must plead and prove either that: (1) the Defendant deprived him of a liberty or property interest as a result of an established state procedure that itself violates due process rights; or (2) that the Defendant deprived him of a liberty or property interest pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Plaintiff is not challenging an established state procedure, statute or local ordinance. Instead, he is asserting he was deprived of primary custody of his child due to unauthorized acts of the Defendant.

To state a procedural due process claim based upon alleged unauthorized acts of the

defendants, Plaintiff must also plead and prove that state remedies for redressing the wrong are inadequate. *Macene*, 951 F.2d at 706; *Vicory*, 721 F.2d at 1064. Ohio Revised Code §§ 2151 *et seq.* set forth the procedures available to a parent to gain custody of a child placed into shelter care by the Department of Children and Family Services. Plaintiff has not claimed that these state remedies are inadequate to redress the wrong he alleges the Defendant committed. He therefore has not stated a claim for denial of procedural due process.

Even if Plaintiff had identified a plausible claim against the Defendant, this action would still be barred by the doctrine of *res judicata*. The term "*res judicata*" literally means "a matter [already] judged. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). In this case, Plaintiff filed an action in state court claiming that Jackson wrongfully removed his son from his custody. He asserted that Jackson did not comply with Ohio Administrative Code 5101:2-36-01(A)(8) and Ohio Juvenile Rule 6. The state court determined that Plaintiff was immune from suit under Ohio Revised Code § 2744.03(A)(6). Plaintiff then filed this lawsuit alleging the same facts based on the same incident but adding claims under three federal

Case: 1:23-cv-01562-DAP Doc #: 11 Filed: 10/04/23 9 of 9. PageID #: 121

statutes. The doctrine of *res judicata* bars this second action. This Court must give full faith and credit to the state court decision.

## IV. CONCLUSION

Accordingly, Defendant's Motion to Dismiss (Doc. No. 6) is granted and this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

/s/ Dan Aaron Polster
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-9-